United States District Court
Southern District of Texas
**ENTERED**
November 08, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIM. ACTION NO. 3:17-0025-6 |
| | § | |
| JAMAAL CRANE | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Jamaal Crane filed a motion for compassionate release (Dkt. 388) seeking release from the Bureau of Prisons ("BOP") under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. The Government has responded (Dkt. 389) and opposes release. Having fully considered the motion, the briefing and supporting documents, the applicable law, and all matters of record, the Court **DENIES** Defendant's motion for the reasons explained below.

## I.   BACKGROUND

On March 18, 2018, Crane pleaded guilty to one count of conspiracy to commit sex trafficking of minors by force, fraud, and coercion, in violation of 18 U.S.C. § 1594(c) and multiple provisions of 18 U.S.C. § 1591. At the time of his plea, which was pursuant to a sealed agreement (Dkt. 144), Crane admitted to knowing the victims were minors; to providing protection when minors were engaged in commercial sex; and to controlling runaway minors and facilitating their transfer to co-conspirators for continued trafficking. Based on his total offense level and his criminal history, the guideline range for imprisonment was life. On July 18, 2019, the Court sentenced him to

180 months' imprisonment with a 10-year term of supervised release.  *See* Dkt. 280 (Presentence Investigation Report); Dkt. 321 (Judgment); Dkt. 322 (Statement of Reasons).

Crane filed a motion for compassionate release based on the COVID-19 pandemic, his medical condition, and family circumstances, citing deaths during the pandemic at FCI Oakdale, where he was incarcerated when he filed his motion.  He claims that he is vulnerable to COVID-19 complications because he has a heart murmur and an irregular heartbeat.  He also states that he is the oldest of five siblings; that he was the primary caregiver for his grandmother before his arrest; and that he has a minor son.  The Government opposes release and has submitted Crane's medical records.

According to publicly available BOP records, Crane's projected release date is July 29, 2032.  *See* Find an Inmate, Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited Nov. 5, 2021).  To date, Crane has served less than one-quarter of his term of incarceration.  Since filing his motion, he has been transferred to a prison facility in Florida (*id*.).

## II.   COMPASSIONATE  RELEASE  UNDER  U.S.C.  § 3582(c)

In general, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  However, Crane moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a district court to grant such a reduction either upon motion by the Director of the BOP or upon motion of the defendant after exhaustion of administrative remedies.  In particular, the statute permits the

sentencing court to grant a reduction in sentence, following consideration of factors set forth in 18 U.S.C. § 3553(a), where "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). The court must provide a "thorough factual record" and "specific factual reasons" for its decision, including but not limited to consideration of the § 3553(a) factors. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

As a preliminary matter, Crane does not address whether he exhausted his administrative remedies with the Bureau of Prisons. He therefore has not met his burden to show that he has satisfied the exhaustion requirement, which is mandatory under § 3582(c)(1)(A). *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020). Denial of relief is warranted on this basis. Because the Government briefed the merits of Crane's motion, the Court will address the merits as an alternate basis for its ruling.

A.      **Extraordinary and compelling reasons**

A reduction in sentence may be based in part on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Commission's policy statement lists four factors that support a finding of "extraordinary and compelling reasons" under the statute: (A) certain medical conditions of defendant; (B) the

defendant's advanced age, in combination with additional factors; (C) death or incapacitation of the caregiver for the defendant's minor children or incapacitation of the defendant's spouse; and (D) other reasons.  *See* U.S.S.G. § 1B1.13(1)(A) & Application Note 1. Although district courts are not bound by the policy statement or its commentary, these factors inform the courts' analysis of motions under § 3582(c). *Shkambi*, 993 F.3d at 393; *Thompson*, 984 F.3d at 433.

Crane requests release from custody based his medical condition and family circumstances, in combination with the COVID-19 pandemic. He states that he has been diagnosed with a heart murmur and an irregular heartbeat, rendering him vulnerable to complications from COVID-19 (Dkt. 388, at 1).   However, the Government has submitted his medical records and argues that they do not support his claim, instead documenting only iron deficiency and dental issues (Dkt. 389, at 10-11 (citing Dkt. 389-1)).  Although Crane has not filed a reply, the Court has reviewed the medical records and found no documentation of the medical issues he claims.  To the contrary, at least one portion of Crane's medical record documents the absence of a heart murmur (Dkt. 389-1, at 32).   Crane has not met his burden to demonstrate a compelling basis for reduction in his sentence based on his medical condition.

Regarding his family circumstances, Crane seeks a reduced sentence because he is the oldest of five siblings, has a young son, and prior to his arrest was the "primary caregiver" for his grandmother (Dkt. 388, at 1).  The Government cites evidence that, at the time of Crane's imprisonment, Crane's son was with the child's mother. *See* Dkt. 389,

at 11 (citing Presentence Investigation Report). Crane does not claim that the child's mother is deceased or has become incapacitated, nor does he claim that others are unavailable to care for his grandmother. Although the Commission's policy statement is not binding, the Court notes that the statement requires the "death or incapacitation of the caregiver of the defendant's minor child" or incapacitation of the defendant's spouse. *See* U.S.S.G. § 1B1.13(1)(A) & Application Note 1. Crane has not alleged facts that could meet this standard. The Court in its discretion determines that Crane's family circumstances are insufficient to warrant a reduction of his sentence.

Finally, Crane seeks a reduced sentence based on the COVID-19 pandemic, citing deaths at FCI Oakdale, where he was incarcerated at the time of his motion, and stating that he is more vulnerable to the virus because he is African-American and has a heart condition (Dkt. 388, at 1). Although some courts have granted release during the pandemic to defendants who have severe high-risk conditions and have served the majority of their sentences, general fear of infection with the COVID-19 virus does not entitle a defendant to release, especially when the cited medical conditions are controlled. *See Thompson*, 984 F.3d at 434-35.

Crane fails to show extraordinary or compelling reasons warranting a reduction of his sentence.

### B.    Factors under 18 U.S.C. 3553(a) and 18 U.S.C. § 3142(g)

Even if Crane could demonstrate extraordinary and compelling reasons, § 3582(c)(1)(A) requires him to demonstrate that the sentencing factors in 18 U.S.C.

§ 3553(a) support his release.  The applicable factors include the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; and the need to provide the defendant with training or treatment in the most effective manner. *See* 18 U.S.C. § 3553(a). The Commission's non-binding policy statement in U.S.S.G. § 1B1.13, which requires consideration of whether the defendant is a danger to any other person or the community as provided in 18 U.S.C. § 3142(g), also informs the Court's analysis.[1]

The Government argues that the § 3553(a) factors do not warrant a reduction in Crane's sentence because he has served only a small portion of his sentence; because he was an active participant in a group that trafficked at least three minors for sex, facilitated prostitution of minors, and occasionally provided protection during sex acts; and because his full 180-month sentence is necessary to deter criminal conduct, protect the public, and provide just punishment (Dkt. 389, at 12-13).  Crane has not addressed these factors. Given the fact that he has served less than one-quarter of his sentence, in combination with the other factors cited by the Government, the Court concludes that the factors under § 3553(a) and § 3142(g) weigh against a reduction of Crane's sentence.

---

[1]    The factors under § 3142(g) overlap substantially with the factors listed above for § 3553(a).  *See* 18 U.S.C. § 3142(g) (factors relevant to determination regarding whether the defendant is a danger to others or the community include the nature and circumstances of the offenses of conviction; the weight of the evidence; the defendant's history and characteristics; and the nature and seriousness of the danger posed by the defendant's release).

**III.**     **CONCLUSION**

For the reasons stated above the Court **ORDERS** that Defendant Jamaal Crane's motion for compassionate release (Dkt. 388) is **DENIED** under 18 U.S.C. § 3582(c)(1)(A).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 8th day of November, 2021.

_George C. Hanks Jr_

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE